UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

JOHN STREET and JACKIE STREET,

    Plaintiffs,

    v.

COTTRELL, INC., AUTO HANDLING CORPORATION and ROGER OWENS,

    Defendants.

Case No. 09-cv-946-JPG

## MEMORANDUM AND ORDER

This matter comes before the Court on the motion to remand filed by plaintiffs John Street and Jackie Street (collectively, "the Streets") (Doc. 16). Defendant Cottrell, Inc. has responded to the motion (Doc. 29), and the Streets have replied to that response (Doc. 34).

**I.**    **Background**

The Streets originally filed this case in the Circuit Court for the Third Judicial Circuit in Madison County, Illinois. They allege that, as an employee of Jack Cooper Transport Company ("Jack Cooper"), John Street was injured on three occasions – (1) while using a chain and ratchet tie-down system, (2) while pulling out the skids on a trailer and (3) while tightening a chain on a ramp on a trailer. The trailer was a car-hauling trailer designed and manufactured by defendant Cottrell. The Streets allege that each of the defendants is liable for their injuries under theories of products liability, negligence, breach of warranty or spoliation of evidence. Jackie Street brings a claim for loss of consortium. Their sole claim against defendant Roger Owens, one of John Street's coworkers at Jack Cooper, is for spoliation of evidence because Owens ordered that the trailer involved in Street's chain and rachet tie-down injury be refurbished.

Cottrell believes the Streets, citizens of Illinois, are completely diverse from itself, a citizen of Georgia, and defendant Auto Handling Corporation, a citizen of Delaware and

Missouri, and that Owens, a citizen of Illinois, must be disregarded for the purpose of determining diversity because he is fraudulently joined.  In light of the fact that more than $75,000 is in issue, exclusive of interest and costs, Cottrell removed this case to federal court under 28 U.S.C. § 1441(a), relying on the Court's original diversity jurisdiction under 28 U.S.C. § 1332(a).

The Streets now ask the Court to remand this case for lack of subject matter jurisdiction because there is not complete diversity between the plaintiffs and defendants as required by 28 U.S.C. § 1332(a).  Alternatively, the Streets asks for remand in light of the forum defendant rule, which allows removal of diversity actions "only if none of the parties in interest properly joined and served as defendants is a citizen of the State in which such action is brought."  28 U.S.C. § 1441(b).  The Streets filed their motion for remand 35 days after Cottrell filed its notice of removal.

In response, Cottrell argues that the fraudulent joinder doctrine permits the Court to disregard Owens' citizenship.  Cottrell further argues the Streets have waived their forum defendant rule argument by failing to file their motion to remand within 30 days of the notice of removal as required by 28 U.S.C. § 1447(c).

**II.     Analysis**

   A.     <u>Pleadings and Burdens</u>

Before reaching the substantive issues, a word is in order about the pleading requirements and the burden of proof applicable to the pending motion to remand.  The Streets incorrectly assert that Cottrell's notice of removal is deficient because it does not contain sufficient evidence to show fraudulent joinder.  There is no requirement that a notice of removal attach evidence.  On the contrary, the notice of removal need only "contain[] a short and plain

statement of the grounds for removal." 28 U.S.C. § 1446(a). This language mirrors the pleading standard set forth in Federal Rule of Civil Procedure 8(a), and courts accordingly apply the same liberal notice pleading standard to notices of removal. *See Charter Sch. of Pine Grove, Inc. v. St. Helena Parish Sch. Bd.*, 417 F.3d 444, 447 (5th Cir. 2005) ("notice of removal was sufficient . . . if it provided the district court with facts from which removal jurisdiction . . . could be determined"). Under that standard, so long as the Court is provided with factual allegations from which removal jurisdiction can be determined, the notice is sufficient. 14C Charles Alan Wright, Arthur R. Miller, & Edward H. Cooper, *Federal Practice and Procedure*, § 3733 (3d ed. 2006). Cottrell's notice of removal provides sufficient factual allegations to determine federal subject matter jurisdiction.

For its part, Cottrell erroneously believes that all of the assertions of the notice of removal must be taken as true if they are not contradicted in the plaintiff's motion to remand. It may be true that the notice of removal's factual allegations to support jurisdiction will be accepted as true if they are not challenged by a motion to remand. *See, e.g., Lewis v. AT & T Corp.*, 898 F. Supp. 907, 909 (S.D. Fla. 1995). However, this rule applies only to *factual allegations* such as, for example, allegations of a party's citizenship or of the amount in controversy. *See, e.g., id.* The general rule does not apply to *legal conclusions* like the assertion that a defendant was fraudulently joined. The burden of proving a defendant is fraudulently joined rests at all times with the defendant, as the proponent of federal jurisdiction, regardless of whether the plaintiff puts forth evidence challenging the fraudulent joinder assertion. *Poulos v. Naas Foods, Inc.*, 959 F.2d 69, 73 (7th Cir. 1992)

The Court now turns to the question of subject matter jurisdiction. It declines to address the question of whether the removal was procedurally deficient under the forum defendant rule.

Failure to observe the forum defendant rule is a procedural defect, *Holmstrom v. Peterson*, 492 F.3d 833, 838 (7th Cir. 2007), and the Streets have waived objection to procedural defects by failing to move for remand within 30 days of when Cottrell filed the notice of removal. *See* 28 U.S.C. § 1447(c) ("A motion to remand the case on the basis of any defect other than lack of subject matter jurisdiction must be made within 30 days after the filing of the notice of removal under section 1446(a).").

  B. <u>Subject Matter Jurisdiction</u>

  A defendant may remove a case filed in state court if the federal court would have had original jurisdiction to hear the case when the plaintiff originally filed it. 28 U.S.C. § 1441(a); *Schur v. L.A. Weight Loss Ctrs., Inc.*, 577 F.3d 752, 758 (7th Cir. 2009). "The party seeking removal has the burden of establishing federal jurisdiction, and federal courts should interpret the removal statute narrowly, resolving any doubt in favor of the plaintiff's choice of forum in state court." *Schur*, 577 F.3d at 758 (citing *Doe v. Allied-Signal, Inc.*, 985 F.2d 908, 911 (7th Cir. 1993)).

    1. <u>Original Diversity Jurisdiction</u>

  Cottrell relies on original federal diversity jurisdiction under 28 U.S.C. § 1332(a) as its basis for removal. Diversity jurisdiction requires that the plaintiffs and defendants be completely diverse, that is, no plaintiff can be a citizen of the same state as any defendant. *Poulos v. Naas Foods, Inc.*, 959 F.2d 69, 71 (7th Cir. 1992) *(*citing *Strawbridge v. Curtiss*, 7 U.S. (3 Cranch) 267 (1806)). Thus, since the Streets and Owens are all Illinois citizens, it appears at first blush that complete diversity does not exist, and the Court does not have removal jurisdiction over this case. However, Cottrell claims the Court must disregard Owens' citizenship because the Streets fraudulently joined him in this litigation.

4

2. Fraudulent Joinder Doctrine

Under the fraudulent joinder doctrine, a plaintiff may not avoid federal diversity jurisdiction by suing a non-diverse defendant simply to destroy diversity jurisdiction where there is no real claim against that defendant. *Schwartz v. State Farm Mut. Auto. Ins. Co.*, 174 F.3d 875, 878 (7th Cir. 1999); *Gottlieb v. Westin Hotel Co.*, 990 F.2d 323, 327 (7th Cir. 1993). The fraudulent joinder doctrine allows a court to disregard the citizenship of any fraudulently joined defendant when determining whether complete diversity exists. *Schur v. L.A. Weight Loss Ctrs., Inc.*, 577 F.3d 752, 763 (7th Cir. 2009). The court can then assume jurisdiction over the removed case, dismiss any non-diverse fraudulently joined defendant from the suit and retain jurisdiction over the case. *Id.*

The fraudulent joinder doctrine applies when a defendant demonstrates that "after resolving all issues of fact and law in favor of the plaintiff, the plaintiff cannot establish a cause of action against the in-state defendant." *Poulos*, 959 F.2d at 73; *accord Schur*, 577 F.3d at 764.[1] If there is "any reasonable possibility" that the plaintiff may prevail against a defendant, the defendant is not fraudulently joined. *Schur*, 577 F.3d at 764 (citing *Poulos*, 959 F.2d at 73). The defendant's burden is heavy, possibly even heavier than his burden with a motion to dismiss for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6). *Schur*, 577 F.3d at 764. The Court must ask then whether, after resolving all issues of fact and law in the Streets'

---

[1]Fraudulent joinder can also be established where there has been outright fraud in plaintiff's pleading of jurisdictional facts. *Gottlieb v. Westin Hotel Co.*, 990 F.2d 323, 327 (7th Cir. 1993). Some court have held that the doctrine of fraudulent joinder also applies where there is egregious misjoinder of unrelated claims. Cottrell has not alleged outright fraud in the Streets' pleading or that Owens was not egregiously misjoined. Therefore, the Court considers only the other application of the fraudulent joinder doctrine.

favor, he can establish a case for spoliation of evidence against Owens.

The Court considers the pleadings and the evidentiary material submitted in conjunction with the motion to remand, *see CC Indus., Inc. v. ING/Reliastar Life Ins. Co.*, 266 F. Supp. 2d 813, 815-16 (N.D. Ill. 2003); *Crowe v. Coleman*, 113 F.3d 1536, 1541-42 (11th Cir. 1997), and resolves issues of fact in the Streets' favor. Those materials establish that Owens, as an agent, servant or employee of Jack Cooper, ordered the refurbishment of the trailer involved in John Street's chain and rachet tie-down injury (*See* Counts I-III). He did this knowing that truck drivers injured on the job had brought products liability lawsuits against the manufacturers of trailers involved in their injuries. In fact, Owens was aware of Jack Cooper's policy of preserving equipment involved in accidents and the general importance of preserving evidence of accidents. At the time he ordered the trailer refurbished, Owens had spoken with John Street about his chain and rachet tie-down injury and knew or should have known the trailer he ordered refurbished was material to potential litigation over John Street's injuries. As a consequence of the order to refurbish the trailer, it was not available to be inspected for defects or for other analysis that would have been helpful, possibly essential, to the Streets' litigation against the other defendants.

The Court must now consider whether under these facts the Streets have a reasonable possibility of prevailing against Owens on a spoliation of evidence claim. This evaluation begins with the question of what substantive law applies to that claim.

### 3. Choice of Law for Spoliation Claim

The parties do not agree whether Illinois or Missouri state law applies to the Streets' spoliation of evidence claim. To determine under which law to evaluate the claim, a court sitting in diversity applies the substantive law of the state in which it sits, including the choice of law

rules. *Land v. Yamaha Motor Corp.*, 272 F.3d 514, 516 (7th Cir. 2001) (citing *Erie R.R. v. Tompkins*, 304 U.S. 64 (1938)). Thus, the Court looks to Illinois choice of law rules to see whether Illinois or Missouri law applies. Under Illinois law, the Court must first decide if the two competing state laws conflict such that they yield a different outcome. Where they do not conflict, the court should apply Illinois substantive law without conducting a choice of law analysis. *Sterling Fin. Mgmt., L.P. v. UBS PaineWebber, Inc.*, 782 N.E.2d 895, 899 (Ill. App. Ct. 2002).

If the Court resolves all issues of law in the Streets' favor, there is no conflict between Illinois and Missouri law regarding spoliation of evidence, so Illinois law should apply. Illinois law recognizes a cause of action for spoliation of evidence under an ordinary negligence theory. *Boyd v. Travelers Ins. Co.*, 652 N.E.2d 267, 270 (Ill. 1995). The plaintiff may prevail if he can show the defendant had a duty to preserve evidence, the defendant breached that duty and the breach proximately caused the plaintiff to be unable to prove his underlying suit, that is, but for the loss of the evidence, the plaintiff would have had a reasonable probability of succeeding in the underlying suit. *Id.* at 271 & n. 2.

The Missouri Supreme Court has not explicitly recognized a cause of action for spoliation of evidence. Cottrell cites *Fisher v. Bauer Corp.*, 239 S.W.3d 693 (Mo. Ct. App. 2007), in support of its assertion that there is no such cause of action under Missouri law. However, *Fisher* did not actually hold that no cause of action for spoliation of evidence existed. On the contrary, it simply held that if such a cause of action existed under Missouri law and if the cause of action consisted of elements of the cause of action as recognized by a number of other states, the plaintiff had not sufficiently pled the essential elements of such a claim. *Id.* at 703-04.

The Court is further mindful that *Fisher* was an appellate court decision and not a decision of the Missouri Supreme Court, so it does not bind this Court's resolution of the legal issue. When a federal court sitting in diversity applies state substantive law, it must apply the law as it believes the highest court of the state would apply it if it were hearing the issues. *State Farm Mut. Auto. Ins. Co. v. Pate*, 275 F.3d 666, 669 (7th Cir. 2001). When the highest state court has not spoken on an issue, the federal court must give great weight to decisions of intermediate appellate courts unless there are persuasive reasons to believe the highest court would rule differently. *Id.* For the purposes of the pending motion to remand, where all questions of law must be resolved in the plaintiffs' favor, the Court must assume the Missouri Supreme Court would recognize a cause of action for spoliation of evidence despite *Fisher*. It further must assume the elements of the cause of action would, at a minimum, resemble those of an Illinois cause of action. Because the Illinois and Missouri causes of action would be similar and application of one or the other could lead to the same result, the Court applies Illinois substantive law.

          4.       Fraudulent Joinder Analysis

Under Illinois law, there is a reasonable possibility that the Streets may prevail against Owens for spoliation of evidence. With respect to the first element – duty – Cottrell is right that there is generally no duty to preserve evidence. *Boyd*, 652 N.E.2d at 270. However, a duty may be created by an agreement, a contract, a statute, special circumstances or a voluntary undertaking. *Boyd*, 652 N.E.2d at 270; *see Dardeen v. Kuehling*, 821 N.E.2d 227, 231 (Ill. 2004). If there is such a duty and "if a reasonable person in the defendant's position should have foreseen that the evidence was material to a potential civil action," there may be a duty to preserve the particular piece of evidence. *Boyd*, 652 N.E.2d at 271; *accord Dardeen*, 821

N.E.2d at 231.

The facts indicate that Owens knew that John Street had been involved in an accident in connection with the trailer to be refurbished, that generally it was important to preserve evidence of an accident, that Owens was likely to sue, that the trailer was likely to have evidentiary value in such a case and that he was in a unique position to control the state of that evidence. This could be sufficient to establish a duty either by special circumstances or by assumption of a duty to preserve the trailer. Furthermore, there is a reasonable probability that but for the refurbishment of the trailer, the Streets would have a reasonable probability of success in their underlying tort claims.

### 5. Cottrell's Objection to Spoliation Claim

Cottrell argues that the Streets have not sufficiently pled a duty and damages under Illinois fact pleading rules. This argument is inapposite because state pleading standards do not apply in federal court. Federal courts evaluate a complaint, even a removed complaint, using liberal federal notice pleading standards because pleading standards are procedural. *See Hanna v. Plumer*, 380 U.S. 460, 465 (1965); *see Redfield v. Continental Cas. Corp.*, 818 F.2d 596, 605 (7th Cir. 1987). Thus, the Streets' failure to satisfy Illinois pleading rules is irrelevant. Furthermore, the burden a defendant must bear to overcoming a motion to remand by asserting fraudulent joinder is not the same as the burden it must bear to prevail on a motion to dismiss for failure to state a claim. *Schur*, 577 F.3d at 764.

Cottrell also argues that the Streets' spoliation of evidence claim has no reasonable possibility of succeeding because such a claim would be barred by the exclusive remedy provision of the Missouri Workers' Compensation Law. *See* Mo. Rev. Stat. § 287.120. That statute provides, in pertinent part:

9

> Every employer subject to the provisions of this chapter shall be liable, irrespective of negligence, to furnish compensation under the provisions of this chapter for *personal injury or death* of the employee by accident arising out of and in the course of the employee's employment, and shall be released from all other liability therefor whatsoever, whether to the employee or any other person.

Mo. Rev. Stat. § 287.120(1) (emphasis added). "Personal injury" means "violence to the physical structure of the body and to the personal property which is used to make up the physical structure of the body . . . and such disease or infection as naturally results therefrom." Mo. Rev. Stat. § 287.020(3)(5).

Cottrell overlooks one very important point of the Missouri Workers' Compensation Law: It applies only to liability "for personal injury or death," Mo. Rev. Stat. § 287.120, which means the result of some kind of violence to the body. The Missouri Supreme Court has not decided, of course, whether spoliation of evidence constitutes a personal injury – it has not even recognized the cause of action – but the Court is hard-pressed to imagine how it could view the destruction of evidence as violence to the body. Therefore, the Missouri Workers' Compensation Law is simply not the Streets' exclusive remedy for a spoliation of evidence claim.

### III.   Conclusion

For the foregoing reasons, the Court **GRANTS** the Streets' motion to remand (Doc. 16) and **REMANDS** this case to the Circuit Court for the Third Judicial Circuit in Madison County, Illinois, for lack of subject matter jurisdiction. The pending motions for a protective order (Doc. 39) is rendered **MOOT** by this ruling.

**IT IS SO ORDERED.**
**DATED:  March 3, 2010**

s/ J. Phil Gilbert
**J. PHIL GILBERT**
**DISTRICT JUDGE**
